MARY ANN ROBINSON, RESPONDENT, *v.* ROBERT GOVERS, INDIVIDUALLY, AND AS SOLE EXECUTOR AND TRUSTEE UNDER THE WILL OF ANTHONY ROBINSON AND OTHERS, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Abatement — action for dower — death of the widow before the confirmation of the report of a referee — its effect.*

Mary Ann Robinson, who brought an action to recover her dower interest in the estate of her deceased husband, Anthony Robinson, soon after bringing the action filed in the county clerk's office consents to accept certain sums in gross in satisfaction of such dower. The issues, raised in the action by an answer interposed by an infant, were tried and resulted in a verdict that Mrs. Robinson was entitled to her dower.

She thereupon moved for an interlocutory judgment and for a reference to determine whether it could be admeasured, and, in case it could not be, asked

that a sale be had. At the same time the defendants moved for an order permitting them to pay her a gross sum in case she should be entitled to judgment.

The court granted an order of reference to ascertain the value of the dower interest, under which a report was made by the referee, and on the 18th day of February, 1892, this report was confirmed with certain modifications, a motion made to dismiss the complaint was denied and leave was granted the defendants to pay the widow a gross sum. On the same day, and before this order was entered, Mary Ann Robinson died.

Her executor, Henry Mottet, subsequently moved to continue the action, and that the gross sums be paid to him. The defendants moved that the order of February 18, 1892, be vacated upon the ground that by the death of the widow the action had abated. The court granted the executor's motion.

*Held,* that such action was improper.

That section 763 of the Code of Civil Procedure, providing that if a party to an action dies after a verdict, report, decision or interlocutory judgment, but before final judgment is entered, the court must enter final judgment in the name of the original parties, did not apply to the case.

That a consideration of the previous sections of the title, and of section 764, led to the conclusion that the sections did not relate to an action like one for the recovery of dower where the cause of action abated by the death of the widow.

That, even if these sections could be held to relate to actions generally, still section 763 could relate only to a verdict, report, decision or interlocutory judgment, which determined the whole action, and which could be made effectual simply by the entry of final judgment.

That such was not the case in an action for the recovery of dower.

That the verdict only determined that the plaintiff was entitled to dower; that this was followed by the interlocutory judgment directing that it be determined whether a distinct parcel could be set off to the plaintiff, and, failing this, ordering a sale which must be made and confirmed before the value of the dower interest could be said to be finally determined.

That, in this view, the action could not be said to have reached a stage where the rights of the parties had been determined.

APPEALS by the defendants, Robert Govers, individually, and as executor and trustee under the will of Anthony Robinson, deceased; George K. Griffin, William R. Griffin, William J. Govers, Maria Govers, Jane Govers, Esther Govers and Robert G. Robinson, an infant, by James E. Carpenter, his guardian *ad litem,* from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of May, 1892, continuing this action in the name of Henry Mottet, as executor of Mary Ann Robinson, deceased, and directing that certain payments of gross sums for the dower interest of Mary Ann Robinson, deceased, in certain premises described in the complaint, be paid to said Mottet,

as her executor; and further denying a motion of the defendants to set aside an order of this court dated February 18, 1892.

*Gratz Nathan,* for the appellants.

*John B. Pine,* for the respondents.

PER CURIAM:

The action was brought to recover dower in certain real estate of which Anthony Robinson, the plaintiff's husband, died seized. Shortly after the commencement of the action the plaintiff filed in the county clerk's office consents to accept sums in gross in satisfaction of her dower. By an answer interposed by one of the defendants, Robert G. Robinson, an infant, submitting his rights to the protection of the court, all the facts alleged in the complaint were necessarily put in issue; and these, under the Code, had to be determined by the verdict of a jury. (Code, § 963.) The verdict was "that the plaintiff is entitled to dower in the premises described in the complaint." Thereupon the plaintiff moved for an interlocutory judgment awarding dower in the property described and directing a reference as to whether an admeasurement could be had, and if not, for a sale of the premises. At the same time the defendants moved for an order that in the event of the plaintiff being entitled to judgment, they should have leave to pay the plaintiff the gross sum to which she might be adjudged to be entitled. Upon the hearing of this motion the court ordered a reference to ascertain the value of the plaintiff's right of dower and to report the respective amounts so ascertained by him. Upon the report of the referee a motion was subsequently made to confirm the same, and on the 18th of February, 1892, an order was entered denying defendants' motion to dismiss the complaint and confirming the referee's report, with certain modifications, and granting leave to defendants to pay the gross sum which the court found the plaintiff was entitled to receive. On the same day, and prior to the entry of this order, the plaintiff died, and a motion was thereupon made on behalf of the executor of plaintiff to continue the action in his name, and providing that the payments should be made to him as such executor. The defendants made a motion to vacate the order of February 18, 1892, upon the ground that at the time said order was made the plaintiff had departed this

life and the action abated. The court denied the defendant's motion to vacate the order of February eighteenth, and granted the plaintiff's motion for a continuance, the decision being placed upon the ground that under the provisions of section 763 of the Code the plaintiff's rights were finally determined by the verdict of a jury; and it is from these orders that the present appeal is taken. This presents a question as to the construction to be given to this section 763, which reads as follows:

"If either party to an action dies after an accepted offer to allow judgment to be taken, or after a verdict, report, or decision, or an interlocutory judgment, but before final judgment is entered, the court must enter final judgment in the name of the original parties, unless the offer, verdict, report or decision or the interlocutory judgment is set aside."

This section is to be found under a title relating to "proceedings upon the death or disability of a party;" and in its first section (755) is a provision that "an action does not abate by any event if the cause of action survives or continues." By subsequent sections under this title provision is made with respect to what proceedings were to be taken, under certain circumstances, upon the death of a party, all of which have reference to causes of action which survive after the death of the party. While, therefore, the effect of these sections is to permit the continuance of the action where the cause of action itself is not abated by the death of the party, they have no relation to an action such as this, where the cause of action itself abates by the death of the plaintiff. We are thus brought to the consideration of the true construction to be given to section 763. Having in mind the prior sections and section 764 (which latter has reference to an action for personal injury and provides that the action does not abate by the death of a party) we are enabled to determine the true intent and meaning of section 763. From such examination we think it reasonably clear that this section will not support the order made continuing the action; and for two reasons: First. It does not apply to a case where the cause of action abates by the death of the plaintiff; and, second, even though it could be held to apply generally to any action, that in one such as this, to admeasure dower, a continuance would not be authorized upon the death of the plaintiff before the entry of judgment.

We think the first reason is supported, as shown, by a considera-- tion of the preceding sections of the Code, and their relation to each other under a single title. This view is enforced by section 764, which was undoubtedly intended to save from the general rule by which an action abates, if the cause of action abates, the case of an action to recover damages for personal injury. As has been well said by the appellant's counsel : " The language here is plain and explicit, and it is quite manifest that, if it had been the intention to make some provision in regard to actions in general, that intention would have been made equally plain and explicit ; in fact, if the construction of section 763 contended for by the respondent were the true one, section 764 would have been entirely unnecessary, for the provisions of section 763 would have applied as well to an action to recover damages for a personal injury as to all other actions."

The second finds support from a consideration of the nature of the action and the verdict rendered in the plaintiff's favor. Even if section 763 has any application to actions generally, we think that the verdict, report, decision or interlocutory judgment contemplated is one that determines the whole action, and in which nothing remains to carry the same into effect but the entry of final judgment thereon ; and cannot be held to apply to a case like this which relates to but a single issue involved in the case, and which is but the initiation of proceedings leading to a determination in the action of the rights of the parties. If we keep in mind what is determined by the verdict in an action for the admeasurement of dower and the subsequent proceedings, we think this is reasonably clear. The verdict determines that the plaintiff is entitled to dower, and the interlocutory judgment to be entered thereon can only direct that the plaintiff's dower be admeasured by a referee or commissioners. Where, however, the plaintiff has filed a consent and is entitled to an interlocutory judgment, the court, upon the application of either party, may ascertain whether a distinct parcel of the property can be admeasured and laid off to the plaintiff as tenant in dower ; and if such admeasurement cannot be made, a sale must be directed ; and it is upon such sale being made and confirmed that the value of the plaintiff's dower in the net proceeds is calculated and fixed. Practically, therefore, nothing is determined by the verdict except that the plaintiff is entitled to maintain an action, the form of such ver-

dict being that she is entitled to-dower in the premises which is to be determined and fixed, not only by the interlocutory judgment, but by reason of the subsequent proceedings by final judgment.

We are of opinion, therefore, that the verdict, report, decision or interlocutory judgment referred to in section 763 has reference to such verdict, etc., as determines the rights of the parties; and that the section will not apply to a verdict such as the one here, it not having reached a stage which determines the rights of the parties.

For these reasons we are of opinion that the order should be reversed, and that the defendant's motion to set aside the order of February eighteenth should be granted, with costs.

Present—VAN BRUNT, P. J., and O'BRIEN, J.

Order reversed and defendant's motion to set aside the order of February eighteenth granted, with costs.